Good morning. May it please the Court, my name is Rex Heineke. I am here on behalf of the appellants, the defendants. I'd like to reserve five minutes for rebuttal. Essentially, there are two points that we'd like to make this morning, independent grounds, each of them independent, that we believe entitle us to prevail. The first involves the recent United States Supreme Court decision in the Standard Fire case. We believe that that case means that the test adopted in louder milk, that is, the legal certainty test, is no longer appropriate and the test should be preponderance of the evidence to demonstrate the $5 million needed for removal of a case under the Class Action Fairness Act. Our second point is that in any event, the defendants have not unambiguously alleged that there's less than $5 million in controversy. Do we have to deal with the standard case here at all? It seems to me all that case stands for is the proposition that a class action plaintiff can't, in effect, craft a complaint that automatically on the face of the complaint keeps the case out of Federal court with respect to the amount in controversy. But the Supreme Court never deals with the standard by which the district court determines the amount in controversy. So I'm not sure why that case is relevant here. Well, Your Honor, you're certainly right. It does not expressly deal with the standard, the test here. On the other hand, what it does do is it says quite unequivocally that where there's an uncertified class action, the name plaintiff stipulation is to be ignored by the district court. If a stipulation which would be binding if the class had been certified can be, and indeed is according to the Supreme Court, should be ignored by the district court, then we submit that the plaintiff's allegation, this is the name plaintiff in an uncertified class action, should not have the kind of effect that louder milk gives it. We don't deny it has some effect. It triggers, we believe, the predominance. But I guess I'm asking why, you know, if you're asking us to overrule an opinion of this Court, then we would have to conclude that the Supreme Court decision in this case irrevocably undermined it or gravely undermined it or some other thing like that. And that requires that if not, you've got to have 11 of us. Right. But as I understand your argument, it doesn't require that we get to that. The judge, if the complaint was ambiguous, as you say it was, or not clear, then under our precedent the judge applies a preponderance of the evidence standard. And I take it your argument is that he didn't do so here. Yes. Is that fair? She did not quite express that. And that we ought to remand to her to conduct that analysis. I'm just not – what I'm having difficulty with is why in order to do that we have to find a precedent of this Court now overruled, because that's a difficult thing for a panel of three of us to do. I understand, Your Honor. And I'm not suggesting that the Court cannot reach the result we ask by simply finding the complaint to be ambiguous. That's why I said in any event, that is, we believe we should win under standard fire. But whether or not the Court, this panel agrees with us, we believe we should win because the complaint is ambiguous. But I would like to say about standard fire that I respectfully submit that it completely takes away the rationale for algorithm. Except it was on such a different point. If I remember correctly, the Supreme Court said that the district court specifically found in that case that the amount in controversy was more than $5 million, but for the stipulation that essentially had a false, if you will, limitation. And that's really not this case, and it's not Voudamilk. So I'm not really sure why they're completely irreconcilable. The one thing that's different is that I believe we relied heavily on the idea that the plaintiff is master of the complaint, and the Supreme Court said, well, in some ways, yes, but in some ways, no, not to the point of undermining the real world amount in controversy. So in that respect, they may be inconsistent, but it seems to me they're really about different things. Because here we don't have a finding that but for, there's no stipulation. I mean, it's just a different question. Well, Your Honor, you're certainly right. There's no stipulation here. But what I was going to say, and you said in part, is there are two bases for Voudamilk. One is that the plaintiff is the master of his or her own complaint. And it seems to us quite clear that Standard Fire rejects that when there's a specified clause. Well, Justice Breyer doesn't completely reject it. He says it. He says we normally treat the plaintiff as the master of his own complaint. But under the facts of this case, he's not as big a master as we thought he was. Right. But the facts, the relevant fact there is that it's a named plaintiff and an uncertified class action. That's what makes it different than a typical case where you have an individual plaintiff saying on my own behalf, where I have full legal authority to act, this is my position. That's what's different here. It's very different. I guess I'm what I'm resisting, because I'm not sure Voudamilk survives either. But I'm resisting the notion that the three of us in this case can find that the two cases are reconcilable because of the reasons that Judge Graber suggests. And that there may be a simpler way to deal with this case, even if it is a legal certainty case. I understand that, Your Honor. Let's assume it is a legal certainty case, just for purposes of discussion. Was the judge wrong in your view in finding that there was a legal certainty that less than $5 million was involved? Yes, Your Honor. Because what we did was very, very conservative here in terms of trying to calculate what the amount of controversy was. We looked at only three of the clauses of action. There are five claims for relief. And as to those three, we calculated what we thought the amount of controversy was. On the first one, which was not getting paid for time worked, we used the assumption that each member of the class, it was an hour and a half they didn't get. And that came to over $5 million. But, counsel, yours is a series of assumptions and speculations. There's not really hard evidence in this case that would allow the kind of calculation that I ‑‑ it's not really a question. I guess I just was concerned about the fact that there isn't much certainty in what your slide has presented. Yes, Your Honor. But we took the plaintiff at their word. They alleged that there was a uniform policy and a systematic scheme here of depriving these employees of what the plaintiffs contend they're entitled to under each cause of action. Did you take the plaintiff's deposition? No, Your Honor. Why not? Because there was no ‑‑ This is a 12B1 motion, isn't it? Well, there was no motion, Your Honor. What happened was we filed a removal petition, and the district court, sua sponte, sent the court back. So there were no real proceedings in Federal court. There was no hearing. There were no motions. Frankly, no opportunity to put on the kind of evidence, I think, that would have been persuasive because the court simply looked at the complaint, looked at the notice of removal and sent it back to State court. Why didn't you take his deposition in the State action? Your Honor, we thought we had already shown enough here. By assumptions? Well, sure. But why didn't you ask him, look, you're claiming that you weren't paid overtime for how many hours? Are you representative of the class? Are you like these people? Right. Could you be a good representative for the class? Your Honor, that's obviously a good idea. But what you run into in that situation is the plaintiff. The plaintiff says, my claims are typical, but they're not identical to everybody in the class. So the fact that I say I lost an hour. But that would be a lot more than an assumption, wouldn't it, by the defendant? It would be something more than that, certainly, Your Honor. Well, I guess my problem is the way the case reaches us now, I'm not sure why I should take your assumption of an hour and a half instead of an assumption of 15 minutes or 10 hours. I mean, it's just a guess. Well, certainly, Your Honor. But what it is, is if you go through all the allegations in the complaint, what is alleged here is that the company is doing this on a systematic and uniform basis, depriving people of all these rights. If you go through just the three causes of action, and if you reduce it down to just a half an hour of unpaid time, if you completely eliminate overtime, and if you reduce it down to one missed meal period, you still end up with more than $5 million. What do you want us to do? Your Honor, one way or the other, I think you should do two things. You should declare that the applicable test in this case is the predominance of the evidence case, either under standard fire or because the complaint is ambiguous or because of both, and that it should be remanded to the district court for a motion and hearing on what the amount in controversy is. And the district judge might well find that you're wrong. The district judge might find that we are wrong, certainly. But the district court applied indisputably what we think is the wrong test. The district court's order says expressly I'm applying the legal certainty test. We submit that that test one way or the other is flatly wrong and shouldn't be applied here, and therefore, we think the proper remedy is to send it back to the district court and have a hearing and let the district court decide whether predominance of the evidence has been shown or not. Did you want to save your rebuttal time? You have about ---- Yes, Your Honor. You had said you wanted to save five, and you're down to about four. Thank you so much. I will. Thank you. Mr. Gould. Good morning. May it please the Court. John Glagosky or Geddy Glagosky for appellees. First of all, Your Honors, I wanted to amea culpa. I noticed an error in my brief on page 6. The way it was pled is amount recoverable in the entire case, not amount in controversy. And when I received ECF filing, page 2 was missing, which was the complaint. Our complaints generally say amount in controversy. It developed to amount recoverable because all of a sudden employers are never happy. They're always saying, well, amount in controversy leaves open this question. So I just wanted to make that clarification. Well, we know after the standard case that just because your complaint said we're seeking less than 5 million doesn't end the inquiry, correct? Correct. I think so. So what was the appropriate and the district court acted here sua sponte, so there never was a hearing. But what was the appropriate standard for the district court to apply in analyzing whether or not this case was removable? I believe legal certainty and the issue, because the complaint is clear that regardless of what the outcome is, the amount that would ultimately be recoverable or amount in controversy does not exceed 5 million. Here's my problem with that. Standard tells us that, I think it tells us, that the plaintiff can't avoid Federal jurisdiction simply by saying we don't want to recover more than 5 million in a class action because you have duties to the class and if the damages are greater. So looking at this complaint, wholly apart from your suggestion in the complaint that we're seeking less than 5 million, what is it that the district judge could look at in this complaint and conclude that less than 5 million was at stake? Well, other than that one line that you have. That would be the statement that they look at at this point, based on the paragraph two language. But paragraph two says the amount recoverable for the entire case does not exceed $5 million. That sounds to me like money, right? Amount recoverable, $5 million, money. But then you go on to say in your prayer for relief that you are seeking various forms of relief, including declaratory judgment, damages for unpaid overtime compensation and penalties, quote, subject to proof. Damages for business expenses that were not reimbursed, penalty wages, attorney's fees and costs, injunctive relief pursuant to California Business and Professions Code 17203, disgorgement of funds by the defendant, liquidated damages, and interest on their damages. Now, none of that says none of this is an amount recoverable or an amount in controversy, pardon me, of less than $5 million. I appreciate what you're saying. So it's ambiguous. You're seeking $5 million, less than $5 million as an amount recoverable, but you're seeking a lot of other valuable relief. How do you value that? Well, when you're looking at, for instance, injunctive relief or attorney's fees or you're evaluating it, at the end, there is always an amount of value put onto that. When you look at the catalyst theory, the court's always determined that there is an amount that is determined to have been achieved by the result. The amount, the language amount in controversy, again, uses amount. If you demand to the district court, then discovery can be taken and your plaintiffs can be asked, how much do you think you're going to get on penalty wages? How much do you think you're going to get for damages, for business expenses that were not reimbursed? And then we can get some real figures, right? Well said. But, Your Honor, when you look at the cases that have dealt with this issue, what is put before the court? The court, how much is the average hourly wage? What are the total work weeks? In the context of the employer-employee relationship, the employer has all of the necessary documentation. Right. But, counsel, it doesn't take ñ this is not a case in which it's very difficult to reach the $5 million, even if you look at the wage amounts, because as I recall, you have about 776 class members alleged, something like that. Is that right? Well, yes. And you would need less than $6,500 per person to reach $5 million. So it wouldn't be surprising, given the statute of limitations, that each person would be ñ if you want everything, obviously, which we don't know, would be entitled to at least that amount. So I'm not sure under any standard of review why this wouldn't be more than $5 million. Well, the evidence ñ first of all, there wasn't any evidence. Isn't that the problem? That's exactly the problem. So isn't that why we have to send it back? The district judge picks up the complaint after the notice of removal comes in and says, I'm certain this doesn't involve $5 million, or you haven't shown this involves $5 million. And they say, oh, we can, as you say. We've got all the records and we can multiply the numbers. But there's no hearing at all. They file a notice of removal that looks sufficient on its face, says there's more than $5 million here and let me tell you why. And the judge says, I've determined to a legal certainty, I've determined that that's not true under whatever the applicable burden of proof is, with no hearing at all. I mean, you may well be right. You may well be right that if you prevail totally in this case and get fees and everything else, you'll get less than $5 million. But we can't tell that from this complaint, can we? Well, yes, I believe that language sets the standard as legal certainty. Including fees? Everything, the amount recoverable includes everything that would be recoverable, any amounts. So, but we know that, we know from standard that just because you say it doesn't make it so. So doesn't the defendant in this case deserve a chance to say, wait a minute, when you really add up the numbers, they're greater? Your Honor, I think there's this idea that defendant puts forward that district courts aren't looking at these things. Removals are happening all the time. In this case, the district court, it's not the first time they've dealt with removals. They see the scant, the dearth of evidence, the scarce record that's put before them. In this case, they said, well, we have 776 people, and that equals $5 million, if we assume one hour of overtime. I remember one of the first things we learned in first grade math was show your work. What could they have shown? They could have shown the hourly rates. They could have shown the total work weeks. And, Your Honor, I appreciate you saying 700 classmen, but what does that mean? How many worked one day? How many worked four years? How many worked one month? How many actually worked shifts that would qualify for overtime? Well, Your Honor, you may well be correct. My question is a different one. Does all of that need to be in the notice of removal? Have we moved away from – I know we've moved away with Iqbal Entwembley but have we moved to a notice of removal now that has to show your work as opposed to make your allegations? Well, I think if you're going to be putting something in front of the district court, it has to be based on summary judgment-type evidence. Otherwise, you would have removal in every case if you just simply said we've got 1,000 people, and if you just assume 15 minutes, it's worth $20 million. No, well, I'm not – well, of course, my question is what has to be done to get the judge to hold a hearing to look at it? I mean, I agree that Iqbal's statement may remove the case and the judge can then remand it. But the question in this case is what – are you saying that they had to go through all these calculations in a different way in their notice of removal in order to avoid a sua sponte remand? Yes. They had to put something in front of the district court where the district court can actually make an intelligent decision and not say – So are you aware of any case that's required that that much information be put into the notice of removal initially? Well, I know that at the end of the day, what we're seeing in these – well, let me answer your question. That's a yes or no question. Do you know of any authority, appellate authority that requires the kind of detail that you're suggesting in the notice of removal as to stay from someplace down the road? District courts are remanding where the – where there is the absence. Counsel, are there any appellate cases that require this amount of detail in a notice of removal? Nothing comes to mind, Your Honor.  Thank you. Now, with respect to Loudermilk – I'm sorry, Knowles, I'll just be brief. What Knowles dealt with was the issue of whether it was dispositive. In other words, could a simple stipulation take it out of CAFA? And that's what Knowles did. In the context of what we have here, a complaint doesn't take it out of CAFA. It sets the standard. And the defendant still has the opportunity to establish that, in fact, that the amount in controversy seeks $5 million. In the context of the district court here, the district court, familiar with what evidence is put forward, looked at it and said there's nothing here, there's nothing to grasp. And one of the – Shouldn't the court have held a hearing to take evidence? Because it seems to me that otherwise it's guessing on both sides of the coin. It's guessing on behalf of the plaintiff and it's guessing on behalf of the defendant. Well, there's a – there may be a hearing when you're actually putting forth something that the court can look at and say, wow, this is an issue that we need to look at and let's hold a hearing. Well, doesn't CAFA really require the court to do something that realistic after Knowles? Since we now know that just saying it isn't enough? Well, we – the Knowles – we never suggested that just saying it ends the inquiry. And the Ninth Circuit has never said that. The Ninth Circuit said here's how you plead it and here is the standard of evidence that you need to put forth. Right. And the question is whether the evidence needs to be in the notice of removal. That's what's giving me difficulty here. Even if the legal certainty standard applies, doesn't the district judge have to give the defendant a chance to come in and present the evidence as opposed to – as opposed to – I'm just not sure a notice of removal is a summary judgment motion. I think it's just a notice, isn't it? Well, at some point, the notice of removal has to give some information, get the district court's attention. But it's not deficient on its face here. The notice of removal says we've done some calculations and here's what you're asking for and here's the number of employees we have. And even without attorney's fees and everything else, we think that adds up over 5 million. And they may be dead wrong, but I can't tell from looking at the notice that they're dead wrong. So if I'm a district judge and I get that, shouldn't I have a hearing? Well, you're assuming that the proceedings before this – that assumes the proceedings before this court is not a hearing because what they're asking for is – Well, it's not a hearing. We don't take evidence. It's not – it's not in any sense a hearing. I mean, it's a – we're grappling with legal issues here, but we're not going to take any evidence. They're suggesting that – So the question is, your complaint says it's less than 5 million and here are some good faith reasons why we believe that. And the notice of removal says we think it's more than 5 million and here are our good faith reasons for believing that. So in the face of an above and below $5 million on each side, both done in good faith, both with some factual basis expressed, I mean, how can the district court just pick one without holding a hearing? Well, the district – again, it comes down to who has the ability – who has the burden on removal. It is the employer. The employer has the ability to put some – without taking any discovery in this case, some basic information. As simple as the average pay rates. I've never seen a waiver. But that's exactly what the defendant did. He said, we assume so many hours at these rates for every one of these 776 people, and the district court said these assumptions have no basis. They put no rates in. Well, let's give the defendant a chance to have some basis there, put some evidence in in the district court. Well, but you're assuming that it's not a chance when they filed the notice of removal. That's an opportunity to get the court's attention. They're given that. A notice of removal doesn't mean just submit what you want and then we'll give you another chance to fix it. There's got to be something in that notice of removal that you can grasp. So your position in the end, isn't it, is that a notice of removal has pleading requirements that are greater than those in Rule 8? I believe the notice of – well, I don't think that they actually have to establish the amount in controversy. I believe they have to support – they have to provide facts that support the basis for their removal. And if that's consistent with – Well, so if the – my difficulty is that if the facts in their notice of removal are true, which is the way we normally look at a complaint, in a 12B6 complaint, then there's more than 5 million in controversy. So how can the district judge look at it and say, well, I just don't think you've done it without having a hearing of some kind? Well, when the notice of removal comes in, the district court takes a look at it and says, okay, there is something to this pleading. There is something that has – Well, the clearest something is the 30-minute meal periods because you don't have to guess, you know, how much overtime somebody worked. And if you simply multiply the number of people by the number of meal periods, I mean, that gets you over 5 million right away if you just look at the face of the complaint and the face of the notice of removal. And it may be that the hearing will show, as you said, well, somebody worked only one day and there's – over here, this person's only been there two weeks, so it's only happened this many times or whatever. But it just seems ill-suited to have the district judge decide it without listening to something more. You then are shifting the burden, in some respects, to the plaintiff because you have the defendant with all of the evidence that is necessary to establish removal and say that what we're going to require you to – But they've done so, and they're under a duty to tell the court the truth. So we have to assume the good faith of the figures that are in the notice of removal. And they retain that burden. We're just asking whether or not they get to discharge that burden at a hearing, at an evidentiary hearing, as opposed to having to discharge the burden by, I guess in your view, filing more than a 10-page notice of removal. There's one point, and the point that's important is CAFA does not suggest that you can't revisit it. CAFA removes the one-year statute of limitations to remove. If, in fact, we find through discovery later on that removal is appropriate, they can petition again for removal. And that's happened in the case. I had a case, Rudy v. Lojack. We went through four years of litigation. After that, after class was certified, there was some discovery, and they petitioned again for removal. So there is nothing preventing them once we start doing the work. But what this decision, a reversal here, suggests that you can put together a notice of removal with no real concrete evidence other than there's 776 people, and from there assume it's 20 million. Thank you, counsel. I think we understand your position pretty well. Thank you. Mr. Heineke, you have some rebuttal time remaining. And I'd like to start by asking you a question. Opposing counsel has said, sure, there's going to be a hearing, but it's in state court. This case has been sent back to state court. That's the place to do your discovery. That's the place to have your hearings. And once you have detailed information in hand, you can file another removal. What's wrong with that? Well, Your Honor, I think there are a couple things. One is, by opposing counsel's own description in the case, he mentioned it was four years later. So you don't get the federal forum that Congress meant for large interstate class actions. Well, that isn't necessarily true. You could start discovery tomorrow. I understand, Your Honor. But what I'm saying is Congress's intent here is pretty clear. Congress, and Standard Fire quotes this extensively, made it quite clear that it wanted large interstate class actions to be in federal court. And the statistics we put in our brief demonstrate that under the legal certainty test, that just isn't happening. We found 37 cases, wage and hour cases, decided under CAFA in this circuit by district courts. And only five of those cases did the district court find the legal certainty test had been met, or in short, in 14% of the cases. So we respectfully submit that the current scheme is defeating the express intent of Congress in CAFA to put most of these cases in federal court. And, of course, what happens, not always, but quite frequently in our experience, is you get these sua sponte orders. And I understand why. The district courts are overburdened. They're busy. These are state law issues, and they just as soon not have these cases. The plaintiffs don't want to be in federal court. So by the simple expedient of putting a sentence in the complaint that says there's less than $5 million, the district courts are then saying, fine, go back to state court. We don't want to see you in federal court. And really that defeats what Congress wanted in CAFA. Most of these are supposed to be in federal court, and they're supposed to be a federal form for these kinds of cases. Well, counsel, let me ask you a question regarding what weight we give the notice of removal. Is it your position that the statements in the notice of removal should be given the same credibility on a 12b-1 motion as the complaint of the plaintiff is given on a 12b-6 motion? Is that right? Yes, Your Honor. Then the next question is, should you state facts which are plausible in the notice of removal to the Iqbal or Twombly standard and not be allowed simply to assume or conclude? Well, Your Honor, what we would propose is equality between the plaintiff and the defendant. By that I mean the plaintiff should not be able to simply say there's less than $5 million. The defendant should not be able to say there's less than $5 million at stake with no facts, at least if the court then is going to say, but, no, when you do your notice of removal, you, the defendant, must plead all the facts. There should be equality here. Is there any case law about the evaluation of notices that you're aware of? I mean, it's not a pleading listed in Rule 8. Right. Not that we found. We did drop a footnote in our brief saying that we didn't think that simply saying less than $5 million in the complaint with no factual basis met Iqbal and Twombly. Well, and I think a notice of removal that said we think there's more than 5 would also not meet Iqbal and Twombly if they apply to notices of removal. So I'm trying to find out whether you haven't found anything out there. I haven't found anything, Your Honor. And it seems to us, like I said, you've got to have some equality here. If the plaintiffs are allowed, and this is what's going on, to simply put in one sentence and say there's less than $5 million and that's enough to defeat CAFA unless you make a large factual showing under the legal certainty test, I submit that that's not a fair scheme. And it's also completely contrary to what Congress was trying to create in CAFA. It seems to us that what should happen is each side can make its pleadings. The plaintiff has made it in their complaint. We've made it in our notice of removal. We made enough in the notice of removal to set the issue in controversy and the district court should have a hearing to resolve that. Do you have a case in mind which says that the facts stated in the notice of removal must be taken as true by the judge on the removal motion? Your Honor, I do not. I don't think there's any case law that we found on that, but I don't see why it's treated as different than any other pleading. It's a pleading just like a complaint is a pleading, and I submit that it should be treated in the same way. And you agree that you have the burden of establishing the facts that support Federal jurisdiction? Yes, we do. You dispute by what standard, but you agree that the burden is on you? Precisely. Yes, we vehemently dispute by what standard, but we agree that we need to make a showing. But as I said, our experience is that mostly when these notices of removal are filed, you get a sua sponte order from the district court sending the case back to state court saying I looked at it and I don't think you made the legal certainty case, essentially what happened here. And we don't think that is in conformance with CAFA. Thank you, counsel. Thank you so much. We appreciate very much the arguments of both of you in this interesting case, and the case is submitted.
judges: Graber, Bea, Hurwitz